UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

DOUGLAS F. FAUCETT                             Civil Action # _____

        Plaintiff,

Vs.                                                                **VERIFIED COMPLAINT**

CONSTELLATION BRANDS, INC.
And LIFE INSURANCE COMPANY
OF NORTH AMERICA a/k/a CIGNA

        Defendants.

The Plaintiff, for his **First Cause of Action**, alleges:

1. That the Plaintiff is a resident of the County of Monroe, State of New York, and has been at all times since his benefits under the Constellation Brands Short Term Disability Plan, a disability plan, were vested.

2. That the Defendant Constellation Brands, Inc., hereafter CB, Inc., established the Constellation Brands, Inc. Health and Welfare Plan, including Disability Plan, establishing plans where contributing and covered employees would be eligible for certain employee welfare benefits upon short term disability. That the Defendant CB, Inc., states the short term disability rights in its Constellation Brands, Inc. "Health and Welfare Plan Summary Disability Coverage". In this and other documents, CB, Inc., is stated as employer, fiduciary, policyholder, and also sponsor, and also Plan Administrator, under Plan # NYD74469 New York Disability Benefits Policy and also under SHD 960035, an ERISA Short Term Disability Plan and subject of this action.

3. That at the time the Plaintiff became eligible, and continuing until today, the claims administrator was stated as Life Insurance Company of North America, who, on various documents and plans and correspondence, also calls itself CIGNA.

4. That the Defendant Life Insurance Company of North America, a/k/a CIGNA, as "underwriter" and as third-party claims service provider, is now claims administrator of the Short Term Disability Plan and reviewed claims on behalf of

        the Defendant CB, Inc., and is the entity that denied Plaintiff benefits by administrative denial letters.

5. That all Defendants are United States corporations that do business in New York State.

6. That the Plaintiff, as an employee of CB, Inc., and its predecessor Constellation Wines, was an eligible employee who applied for benefits thereunder in April 2006. He was unable to perform the material duties of his regular occupation, for which reasonably fitted and unable to earn 80% of his prior earnings at all times post-4/26/06 until at least 189 days thereafter.

7. That the Plan is an employee benefit plan as covered by the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), as to all parties herein, and Plaintiff has timely legal rights of appeal per Section 502(a) of ERISA.

8. That as an eligible employee, the Plaintiff is entitled, for 189 days, to a weekly income benefit pursuant to pertinent sections of the Plan and the disseminated materials, less appropriate offsets, and that said figure is 100% of pay weeks 2 through 8, 80% of pay weeks 9 through 14, and 60% of pay weeks 15 through 27. That sum has not been paid.

9. For purposes of the instant litigation, there are two issues. One is whether the Plaintiff, due to injury or sickness or both, is prevented from performing the material duties of his occupation that, by education, training or experience would allow performance, and would further give him earnings of 80% of his prior earnings through week 27. Another issue is whether he was able to perform the duties of his regular job as a technician or job he was reasonably qualified for and unable to earn at least 80% of his April, 2006 income, while doing a job as technician in 2006. The slight disparity in language arises because the Defendants' define the standard of disability for short term benefits slightly differently in materials that constitute the Plan.

10. Plaintiff suffered from cervical and lumbar stenosis with radiculopathy, past surgical Wimis tumor complications, vertebral abnormalities, severe lumbar scoliosis, diabetes, bilateral ulnar neuropathies, and shoulder and low back pain with increasing pain and inability to do all work activities from summer 2005 – spring 2006. In April, 2006, he was fired from his position with Defendant

       Constellation Brands, Inc. shortly after advising his Superior he would need at least 8 months leave for medical disability.

11. Plaintiff applied for short-term disability under all Constellation Brands, Inc., policies. He was immediately accepted, and received benefits for the full 26 weeks under Constellation-CIGNA NYSD 74469 disability plan, including 6/20/06 confirmation of continuing disability under signature of Christopher Maietla for CIGNA.

12. In a stunning display of ineptitude, the exact same parties being defendants herein denied Plaintiff under SHD 960035 by denial letters dated 6/20/06 and 10/17/06, incredibly under the same signatures.

13. These denials were arbitrary and capricious, and were timely and fully administratively appealed 3/6/07, and denial received on final administrative level dated 4/15/07.

14. Said denial has severely injured and prejudiced Plaintiff, not only due to lack of funds he is and has been due by contract, but also because said denial has precluded him from filing for ERISA Long Term Disability benefits due him per policy # LTD-LK-960112. He cannot sue in this action for those benefits, since he cannot apply until successful conclusion of this action.

15. Plaintiff has been found totally disabled from ability to do substantial gainful activity by Social Security Administration as of April, 2006, by approval letter of November 10, 2006. Receipt of these benefits does not affect the Short Term Disability benefits right in his lawsuit, but will be a partial offset to Long Term Disability benefits under LTD-LK 960112 when he applies for same at the conclusion of this matter.

16. Despite overwhelming medical evidence proving not only inability to do his job and inability to do his occupation of Technical Consultant, the Defendants have repeatedly refused to pay Plaintiff his justly due benefits, and continued in their arbitrary and capricious conduct and refusal to pay the 89 days benefit.

17. Further, Defendants have inexplicably, arbitrarily and capriciously failed to reconcile in any way how the exact same parties and claim adjuster could, on virtually the same day, find the Plaintiff unable to do his job and/or occupation under one policy and find him able to do his job and/or occupation under a virtually identical policy.

18. Defendants have further arbitrarily and capriciously ignored the wording of their own contracts, documents and plans requiring that Plaintiff have an ability to not only work, but earn <u>80%</u> ($74,114.56 annually) of his former gross of $92,643.20 annually during the 89 day short-term disability period. This total failure of vocational proof or review or even acknowledgement of this portion of Defendants' plans approaches the malicious.

19. Plaintiff, therefore, has been forced to hire counsel and bring this action, per Employee Retirement Income Security Act Section 502(a), and prays all relief thereunder.

20. That the Defendants' actions are an unwarranted breach of the Plaintiff's Short Term Disability Plans by both plan and summary plan descriptions; in violation of ERISA, and have continued to cause the Plaintiff great financial hardship, including the inability to pursue his Long-Term Disability Plan benefits.

21. That Plaintiff's gross income at the time of his disability and firing was $92,643.00 annually.

22. That the Plaintiff's damages to date, under the Short Term Disability Plan # SHD 960035 only, are 26 weeks of 80% of $92,643 annually, being $37,057.20 in damages.

23. That on any favorable remand or reversal, Plaintiff should be reimbursed his attorney fees on this ERISA matter at $215 per hour. Said fees are anticipated in excess of $8,000.

**WHEREFORE**, the Plaintiff prays judgment, as follows:

    A. For the sum of $37,057.20, being 80% of his former gross to expiration of 89 days' benefits under Plan SHD 960035, plus interest;

    B. For permission to file administrative claim for Long Term Disability benefits heretofore barred by Defendants' refusal to grant full Short Term Disability benefits;

    C. For a declaratory judgment granting Plaintiff all rights and benefits under the policy/plan and to award Plaintiff monetary judgment for all monies due and owing, with interest;

    D. For attorney fees pursuant to ERISA, 29 USC Section 1132 (g)(1), now estimated at $8,000;

    E. For such other and further relief as the Court may find just and proper.

Dated:     June 18, 2007

_____
Douglas F. Faucett, Plaintiff

_____
Lawrence I. Heller, Esq.
**Attorney for Plaintiff**
**Office and P. O. Address**
1 East Main Street, Suite 950
Rochester, NY 14614
(585) 262-2304
(585) 454-3595 FAX

STATE OF NEW YORK )
COUNTY OF MONROE

    I, the undersigned, being duly sworn depose and say:  I am **DOUGLAS F. FAUCETT**, the Plaintiff in this action; I have read the foregoing Summons and Compliant and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
**DOUGLAS F. FAUCETT**

Sworn to before me, this
18th day of June, 2007

_____
Notary Public

LAWRENCE I. HELLER
NOTARY PUBLIC, State of New York
Reg. No. 02HE4511019
Wayne County
Commission Expires September 30, 2006